314

Ohio Appeals, Second District, Shelby County.

No. 158.    Decided March 23, 1951.

Cummins & Boller, Sidney, for applicant-appellant.
Frank H. Marshall, Sidney, for guardian.

## OPINION

By THE COURT:

This is an appeal upon questions of law from the judgment of the Probate Court of Shelby County.

An application was filed to remove the guardian of Logan W. Marshall, an incompetent, under §10506-53 GC, on the ground that "the interest of the trust demands it." The application for removal was denied.

It is claimed that the guardian and his attorney expect to be compensated for their services and that it would be for the best interest of the estate to appoint the wife of the incompetent as guardian and the brother of the incompetent as counsel for the guardian, both of whom stated to the court that they would serve . without compensation. That the wife and brother will serve without compensation is a matter which can be urged with much persuasion.  While a broad discretion is given to the Probate Court in a proceeding to remove a fiduciary under §10506-53 GC (In Re Trust of Marshall, 78 Oh Ap 1, 65 N. E. [2d] 523) we cannot overlook the fact that the principal reason for the appointment of a guardian is to conserve the estate, and the court should exercise its discretion to achieve this purpose.

No charge of misconduct or bad faith has been or can be made against the present guardian or his counsel.  At the time of the appointment the court very properly exercised its discretion in making the appointment.  This appointment has served its purpose.  Now a change of circumstances has occurred which the court must consider in determining

whether the best interest of the estate requires a change of guardians.

After giving consideration to all the factors which bear upon the question as to whether "the interest of the trust demands it," we are convinced that upon the whole record, it will be for the best interest of the estate of the ward that his wife act as guardian and that his brother act as counsel for the guardian.

In our opinion the trial court failed to exercise a proper discretion and the judgment is contrary to the manifest weight of the evidence.

Judgment reversed and cause remanded.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.